NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GENESIS MERCHANT PARTNERS, LP, a Connecticut corporation, <br><br>      Plaintiff - Appellant, <br><br>  v. <br><br>NERY'S USA, INC., a Nevada corporation; JOHN CATHCART, an individual; COMMERCIAL TARGA, S.A. DE C.V., a Mexican corporation, <br><br>      Defendants - Appellees. | No. 13-56797 <br><br> D.C. No. 3:11-cv-01589-JM-WVG <br><br><br> MEMORANDUM[*] |

| | |
|---|---|
| GENESIS MERCHANT PARTNERS, LP, a Connecticut corporation, <br><br>      Plaintiff - Appellant, <br><br>  v. <br><br>NERY'S USA, INC., a Nevada corporation; JOHN CATHCART, an individual; COMMERCIAL TARGA, S.A. DE C.V., a Mexican corporation, <br><br>      Defendants - Appellees. | No. 13-57106 <br><br> D.C. No. 3:11-cv-01589-JM-WVG |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted December 10, 2015
Pasadena, California

Before: PREGERSON, CALLAHAN, and HURWITZ, Circuit Judges.

Genesis Merchant Partners, LP, appeals the district court's judgment, and award of attorneys' fees, in favor of Nery's USA, Inc., Commercial Targa, and John Cathcart. We have jurisdiction under 28 U.S.C. § 1291, vacate the judgment, and remand for further proceedings.

**1.** The district court's finding that Nascent breached the Stock Purchase Agreement (the "Agreement") by failing to indemnify Nery's for certain obligations of Targa is supported by substantial evidence. But, the court erred by entering a judgment that allowed Nery's to retain the Targa stock that was the subject of the Agreement while excusing payment of the balance of the promissory note Nery's gave Nascent in return. Under California law, a party "injured by a breach of contract" may either "disaffirm the contract, treating it as rescinded, and recover damages resulting from the rescission," or "affirm the contract . . . and recover damages for breach of contract." *Wong v. Stoler*, 188 Cal. Rptr. 3d 674, 680 (Ct. App. 2015). The district court's judgment does not comport with either of these recognized remedies for breach of contract.

2

**2.** *Freedman v. Rector, Wardens & Vestrymen of St. Mathias Parish*, 230 P.2d 629 (Cal. 1951), does not support the remedy ordered below. That case refuses to enforce, as a penalty, a liquidated damages provision in a real estate contract, instead holding that the vendee could recover restitution if his down payment exceeded the vendor's damages. *Id*. at 631, 633. That the vendee's anticipatory breach excused the vendor's obligation to sell the property in that case, *id.* at 631, does not suggest that Nascent's breach both excused Nery's from its obligations under the note and simultaneously allowed it to retain the benefits of the Agreement.

**3.** Genesis does not dispute that any damages for Nascent's breach of its contractual duty to indemnify should be offset against the note. We therefore remand for assessment of those damages.[1]

**4.** Fees may be granted to the "party who is determined to be the party prevailing on the contract." Cal. Civ. Code § 1717(a). Because we vacate the judgment, we also vacate the fee award without prejudice to the district court awarding fees after entry of a new judgment.

---

[1] We leave to the district court the decision whether those damages should be determined solely on the existing record. We also leave to the district court whether Nery's is entitled to a new election of remedies after contractual damages are calculated, and if Nery's is allowed to rescind the Stock Purchase Agreement, whether Genesis has a claim for unjust enrichment arising out of Nery's ownership of Targa before the rescission.

**VACATED** and **REMANDED**